ALLAN H. APPLESTEIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Applestein v. Commissioner
Dockets Nos. 28574-82; 40969-84
United States Tax Court
T.C. Memo 1989-42; 1989 Tax Ct. Memo LEXIS 42; 56 T.C.M. (CCH) 1169; T.C.M. (RIA) 89042; January 30, 1989
Jerome Richman, for the petitioner. Susan Wynne, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: This matter is before the Court on the parties' respective motions for entry of decision. These consolidated cases were called for trial on September 8, 1986, in Miami, Florida. At that time the parties announced that a basis for settlement on all issues had been reached. Based on that representation, the trial was continued. On September 16, 1986, the parties filed a 14 page joint stipulation of settled issues. The stipulation contained 37 numbered paragraphs reflecting detailed descriptions of the parties' agreement as to the disposition of the various issues. Most paragraphs of the stipulation include three columns of numbers. The first column indicates adjustments *43 made by respondent in his notices of deficiency to line items of income and expense as reported on petitioner's Federal income tax returns. The second column indicates the portion of the items in the first column that petitioner conceded in the written settlement. The third column indicates the portion of the items in the first column that respondent conceded in the written settlement. After filing the joint stipulation of settled issues, the parties failed to agree as to how the settlement of three of the issues was to be reflected in the calculations of petitioner's income tax liabilities for 1978, 1979, 1980, and 1981. Each party, therefore, filed the instant motions for entry of decision based on their respective interpretations of the terms of the settlement. Set forth below in schedule format are petitioner's income tax liabilities for each of the years 1978 through 1981 as reported on petitioner's Federal income tax returns, as determined by respondent in his notices of deficiency, and as now calculated by petitioner and respondent in their respective proposed computations. Respondent's
Petitioner's
Respondent's
Tax Returns
Notices of
Proposed
Proposed
As Filed
Deficiency
Computations
Computations
1978
$ 123,894
$ 1,215,687
$ 253,919
$ 208,077
1979
-0-
198,675
1,855
57,055
1980
-0-
361,868
2,098
44,003
1981
-0-
318,172
-0-  17,197
TOTAL
$ 123,894
$ 2,094,402
$ 257,872
$ 326,332
*44 Also raised in respondent's notices of deficiency were negligence additions to tax, which were conceded by respondent in the stipulation of settled issues. Many issues raised in respondent's notices of deficiency have been settled without further dispute. The remaining dispute concerns the treatment to be given the following items under the settlement agreement: (1) The amount of deductible trust business expenses; (2) the amount of depreciation deductions for machinery and equipment; and (3) the amount of depreciation deductions for furniture and fixtures. Each of these items was addressed specifically in separate paragraphs of the stipulation of settled issues. With one exception, the dispute relating to these items concerns the proper interpretation of the relevant language of the stipulation of settled issues. An additional issue to be decided in the context of these proposed computations is respondent's request that damages under section 6673 [1] be awarded to the United States and against petitioner on the ground that petitioner's objection to respondent's computations are frivolous. *45 Before addressing each disputed item, it is appropriate to mention a number of principles relating to the interpretation and enforcement of settlement agreements entered into in the course of litigating a case in this Court. We have commented that -- A settlement stipulation is usually a compromise, and the mere fact that the Commissioner now feels more confident about some point or points that he did not insist upon in first determining and later stipulating these particular deficiencies is not sufficient grounds for avoiding the settlement agreement. * * * [A] settlement stipulation is in all essential characteristics a mutual contract by which each party grants to the other a concession of some rights as a consideration for those secured and the settlement stipulation is entitled to all of the sanctity of any other contract. * * * [. Citations omitted.] The mere fact that one party unilaterally miscalculated the amount of taxes that would be owed under the agreement is no basis for relieving the party of the terms of the agreement. . *46 [2]
A party, however, may be relieved of a settlement where the party in good faith relied upon material misrepresentations of the other party. . Some authority also suggests that a settlement will be set aside where necessary to prevent manifest injustice. . Cf. . There is no injustice, however, in enforcing the terms of a settlement agreement between the parties even though one party miscalculated the amount of taxes that would be owed thereunder. Trust Business Expenses
The trust business expenses disallowed by respondent are itemized in paragraphs 9 through 30 of the stipulation of settled issues. As explained, the stipulation expressly indicates what portion of the trust expenses were disallowed by respondent, what portion thereof petitioner concedes, and what portion thereof respondent concedes. The stipulation in this regard is clear and unambiguous. Contrary to respondent's assertion, *47 petitioner's insistence that the Rule 155 computations reflect those concessions is eminently reasonable. Respondent argues that because the notices of deficiency did not disallow all of the trust business expenses claimed on petitioner's tax returns, the trust business expenses conceded by respondent in the stipulation of settled issues should be charged first to the amounts respondent failed to disallow. If that is what respondent intended, respondent should not have signed and filed with the Court a stipulation reflecting his concession only of expenses disallowed in the notices of deficiency. We adopt petitioner's proposed calculation with regard to the trust business expenses. Depreciation of Machinery and Equipment
The dispute over the depreciation deductions for certain machinery and equipment concerns the method of depreciation to be used, the useful life of the machinery and equipment, and the amount of petitioner's adjusted cost basis for the machinery and equipment. Paragraph 30(g) of the stipulation expressly states that the method of depreciation and useful life of the machinery and equipment are not to be changed. The stipulation does not expressly state *48 what method of depreciation or what useful life is to be used, but the clear inference from the stipulation is that the same method and useful life are to be used for the settlement as were used on petitioner's tax returns (i.e., the double-declining balance method and a useful life of four years). This is respondent's position. Petitioner has provided us no support for his attempt to change the method of depreciation or the useful life of the machinery and equipment from that reflected on his tax returns. We sustain respondent's position with regard to the method of depreciation and useful life of the machinery and equipment. Paragraph 30(h) of the stipulation sets forth an agreed "fair market value" in the amount of $ 377,948 for the machinery and equipment. Nowhere in the stipulation is there a reference to petitioner's adjusted cost basis for the machinery and equipment. Petitioner attaches to his motion a copy of a schedule and alleges that the schedule was given to him by respondent. The schedule reflects an adjusted cost basis for the machinery and equipment in the amount of $ 497,948 per petitioner's tax return and in the amount of $ 377,948 per respondent's audit. *49 The schedule also sets forth depreciation expense figures for the machinery and equipment for each of the years 1978 through 1981, but the schedule is not clear as to whether these figures simply are a reiteration of the depreciation expense figures determined by respondent on audit or the depreciation expense figures respondent agreed to for settlement. Respondent disavows the latter interpretation of the figures and now seeks in his Rule 155 computations to reduce petitioner's adjusted cost basis in the equipment to reflect a sale of some of the equipment that occurred in 1980 on the grounds that such a reduction "obviously" would be required by law. With regard to petitioner's contention regarding his adjusted cost basis (namely, that the schedule controls), we emphasize that it is each party's responsibility to negotiate a written settlement that accurately reflects each aspect of each adjustment in dispute. To the extent the written settlement does not clearly address certain aspects of the adjustments in question, the Court will not be inclined to insert such terms into the written settlement or to otherwise speculate as to the agreement of the parties. We cannot and do *50 not accept petitioner's position as to the adjusted cost basis of the machinery and equipment because no agreement as to that item is reflected clearly in the stipulation of settled issues, nor is any such agreement reflected clearly in the schedule on which petitioner relies. We also cannot accept respondent's proposed calculation of petitioner's adjusted cost basis of the machinery and equipment. As explained, respondent suggests that adjustments should be made for a 1980 sale of some of the equipment because the law obviously would require such an adjustment. Respondent forgets that the instant motions do not raise the merits of any of the adjustments, only the terms of the parties' settlement agreement. It would be inappropriate for the Court in the context of the instant motions to decide the merits of unagreed adjustments, regardless of how clear the ultimate resolution of the question appears to be on the merits. For the reasons stated, the Court does not sustain either of the party's proposed depreciation computations insofar as they relate to petitioner's adjusted basis in the machinery and equipment. The parties are encouraged to renegotiate this item and to expressly *51 reflect any agreement in a supplemental written stipulation of settled issues. Furniture and Fixtures
The parties disagree over whether the calculation of depreciation deductions relating to certain furniture and fixtures should reflect a salvage value of $ 692. Petitioner correctly notes that the written stipulation does not require a salvage value. Respondent argues that under the double-declining balance method of depreciation a salvage value is required and that $ 692, in his opinion, is a fair figure therefor. For the same reason we declined to adopt either party's proposed calculation of the adjusted cost basis for the machinery and equipment, we decline to adopt either party's proposed calculation of the salvage value for the furniture and fixtures. The parties also are encouraged to renegotiate a settlement of this item. If the items not disposed of in this motion are not resolved in further settlement negotiations between the parties, the parties are to contact the Court to schedule a hearing on the merits of these items. With regard to respondent's request that damages under section 6673 be awarded to the United States and against petitioner for petitioner's *52 failure to agree with respondent's proposed computations of the settlement, we note simply that respondent's request in this regard is itself ill-considered and will be denied. An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect for the years in issue.↩
2. See also .↩